IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA PRESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-821-MEF |
| v. | ) | (WO) |
| | ) | |
| PHENIX CITY, WILLIAM C. LEWIS, | ) | |
| and RAYMOND J. SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This cause comes before the Court on a Motion to Strike (Doc. # 59) filed by the plaintiff, Christina Presley. Presley asks the Court to strike as untimely a number of the defendants' exhibits as well as the arguments relying on those submissions. She notes that the defendants moved for summary judgment on only one ground—that Presley failed to make out a prima facie case of sex discrimination—yet argued in their reply brief that the City had a legitimate, non-discriminatory reason for disciplining her and denying her a promotion. The defendants disagree, noting they pointed out in their initial brief how Presley was disciplined for insubordination.

As a general rule, a party moving for summary judgment should refrain from raising new arguments in a reply brief. *Sharpe v. Global Sec. Int'l*, No. 09-cv-821, 2011 WL 386859 (S.D. Ala. Feb. 2, 2011) (collecting cases). But it is not clear that the remedy for violating this rule is to have a district court wade through the parties' submissions,

1

slashing at the offending arguments and exhibits and later detailing the adventure in an opinion. *See United States ex rel. Purcell v. MWI Corp.*, 520 F. Supp. 2d 158, 166 (D.D.C. 2007) ("If the movant raises arguments for the first time in his reply to the nonmovant's opposition, the court will either ignore those arguments in resolving the motion or provide the nonmovant an opportunity to respond to those arguments by granting leave to file a sur-reply."). In fact, the cases cited by Presley mostly involve federal courts ignoring the procedurally improper arguments, not striking them in a piecemeal fashion. *See, e.g.*, *Abrams v. Ciba Specialty Chems. Corp.*, 663 F. Supp. 2d 1220, 1232 n.16 (S.D. Ala. 2009) (ignoring new arguments raised in reply brief).

    Here, although the defendants could have better organized their initial brief, it addressed Presley's alleged insubordination. Presley, moreover, had notice that the defendants would use her actions as a defense; she even briefed the issue in her summary judgment response. So the Court will consider the defendants' argument that Presley's alleged insubordination amounted to a legitimate, non-discriminatory reason for her discipline. But any arguments raised for the first time in the defendants' reply will be ignored. Furthermore, Presley will have the opportunity to respond to arguments about the City's alleged legitimate, non-discriminatory reason for firing her if she thinks she would otherwise suffer prejudice.

    Accordingly, it is hereby ORDERED that:

    1.    Presley's Motion to Strike (Doc. # 59) is DENIED; and

2.   Presley is GRANTED leave to file a sur-reply brief, if she so chooses, on or before February 17, 2012.

Done this the 8th day of February, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE
